**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUSANA PATRICIA STOCK,<br>Plaintiff,<br>v.<br>BOARD OF TRUSTEES OF THE STATE UNIVERSITY, et al.,<br>Defendants. | No. 2:24-CV-1043-DJC-DMC<br><br>ORDER |

Plaintiff, who is proceeding with retained counsel, brings this civil action. Pending before the Court is Plaintiff's motion to compel further responses to requests for production of documents. See ECF No. 42. The parties have submitted a joint statement. See ECF No. 42-1. Following a hearing before the undersigned on August 6, 2026, the matter was submitted.

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery

/ / /

/ / /

permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.
>
> Fed. R. Civ. P. 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

Under Rule 37, the party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). Rule 37 also requires the moving party to meet and confer with the opposing party. See Fed. R. Civ. P. 37(a)(1).

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No.

07cv200 JM (PCL), 2009 U.S. Dist. LEXIS 42339, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

## I. BACKGROUND

This case proceeds on Plaintiff's first amended complaint for employment discrimination in violation of the Fair Employment and Housing Act. See ECF No. 9. Plaintiff claims that her former employer, Defendant Board of Trustees of the State University, discriminated against her based on race, gender, and national origin when it removed her from her position as Dean of the College of Agriculture at Chico State University on June 14, 2023. See ECF No. 42-1, pg. 6 (joint statement).

Pursuant to the most recent modification of the case schedule, fact discovery closes on August 14, 2026, expert discovery closes on November 20, 2026, dispositive motions are due by December 18, 2026, a pre-trial conference is set for May 20, 2027, and a jury trial is set for commence on July 19, 2027.[1] See ECF No. 40 (minute order).

## II. SUMMARY OF DISCOVERY IN DISPUTE

At issue are requests for production of documents served by Plaintiff on February 23, 2026, specifically, request nos. 95, 100, 101, 102, and 103.[2] See ECF No. 42-1, pgs. 17-18.

In request no. 95 (96 in original discovery request served by Plaintiff), Plaintiff seeks all investigation files which were reviewed as part of an evaluation of Chico State University in 2022/2023 by Cozen O'Connor. See id. at 21.

---

[1] Plaintiff's motion to modify the case schedule is pending before the District Judge. See ECF No. 45.

[2] Plaintiff's discovery requests are provided as Exhibit 1 to the declaration of Andreea Obando. See ECF No. 42-3. The request for production identified by both parties as no. 95 in the joint statement is identified as no. 96 in the actual discovery request served by Plaintiff on February 23, 2026. Likewise, the remaining requests in dispute – nos. 100-103 as identified by the parties in the joint statement – are identified in the original discovery request as nos. 101-104. In this order, the Court will refer to the discovery requests at issue as the parties refer to them in the joint statement.

In request no. 100 (101 in original discovery request served by Plaintiff), Plaintiff seeks all Title IX and DHR [discrimination, harassment, retaliation] cases alleging race discrimination or unequal treatment based on race at Chico State University from 2017 to the present. See id.

In request no. 101 (102 in original discovery request served by Plaintiff), Plaintiff seeks all Title IX and DHR cases alleging gender discrimination or unequal treatment based on gender at Chico State University from 2017 to the present. See id. at 23.

In request no. 102 (103 in original discovery request served by Plaintiff), Plaintiff seeks all Title IX and DHR cases alleging unequal treatment based on national origin or accept at Chico State University from 2017 to the present. See id. at 24.

In request no. 103 (104 in original discovery request served by Plaintiff), Plaintiff seeks all communications between the Chancellor's Office and any representative of Chico State University regarding Title IX and DHR investigations or oversight. See id. at 26.

## III. DISCUSSION

### A. Request No. 95 (96 in original)

#### 1. Plaintiff's Request

> All investigation files reviewed by Cozen O'Connor's Institutional Response Group as part of their evaluation of California State University, Chico, in 2022 or 2023.

ECF No. 42-3, pg. 9.

#### 2. Defendants' Response

> Objection. Responding Party objects on the grounds that the request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably tailored to seek information relevant to any claim or defense. Responding Party further objects on the grounds that the request seeks information protected by the constitutional and common law rights of privacy of third parties. The Request is not drawn with narrow specificity and is not the least intrusive means of seeking whatever information Plaintiff contends is relevant. Subject to and without waiving said objections, Responding Party responds as follows:

/ / /

/ / /

> Responding Party conducted a diligent search and reasonable inquiry as it pertains to investigation files pertaining to the College of Agriculture and the University Farm. After a diligent search and reasonable inquiry into that narrowed scope, Responding Party is unable to comply with the request because no responsive documents exist.
>
> ECF No. 42-4, pgs. 14-15.

3. Analysis

Defendants raise two primary objections: (a) relevance/proportionality/burden; and (b) privacy.

Plaintiff's argument that privacy concerns are addressed by the protective order issued in this case on November 13, 2024, is persuasive. See E.E.O.C. v. California Psychiatric Transitions, 258 F.R.D. 391, 395 (E.D. Cal. 2009) ("[A]ny privacy concerns can be addressed with a protective order").

As to relevance/proportionality/burden, Plaintiff first argues that the Cozen assessment is relevant to show Defendants' failure to respond adequately to Plaintiff's complaints of gender, race, and national origin discrimination. See ECF No. 42-1, pgs. 26-27. According to Plaintiff:

> . . . Cozen reviewed Chico State's system for responding to complaints of discrimination generally, and that same system is the one that failed Plaintiff. The files reviewed by Cozen in its assessment of Chico State's response to complaints of discrimination is therefore relevant to Chico State's overall failure to prevent discrimination. . . .
>
> Id.

Defendants assert that the Cozen report covered numerous departments at Chico State University which are not relevant to the current case because Plaintiff's claim concerns alleged discrimination by the College of Agriculture and University Farm. See id. at 30-36. As indicated in Defendant's response to request no. 95, it has limited its search for documents relating to the College of Agriculture and University Farm and that no responsive documents exist. See ECF No. 42-4, pgs. 14-15. At the hearing, defense counsel further clarified that, as to the Chico State University campus, the Cozen report focused exclusively on the college's handling of three instances of alleged sexual harassment. Plaintiff's counsel stated at the hearing that these are the investigation files Plaintiff seeks.

Plaintiff's position is not persuasive. Specifically, the Court finds that there is an insufficient nexus between alleged instances of sexual harassment and Plaintiff's claims of gender, race, and national original discrimination. The Court does not agree with Plaintiff that Chico State University's handling of sexual harassment claims would shed light on the university's handling of the kinds of discrimination claims Plaintiff asserts in this action. Plaintiff's motion to compel will be denied as to request no. 95.

**B. Request Nos. 100-102 (101-103 in original)**

1. Plaintiff's Requests

> All Title IX/DHR cases alleging race discrimination or unequal treatment based on race at California State University, Chico, from 2017 to the present.
>
> All Title IX/DHR cases alleging gender discrimination or unequal treatment based on gender at California State University, Chico, from 2017 to the present.
>
> All Title IX/DHR cases alleging gender discrimination or unequal treatment based on national origin or accent at California State University, Chico, from 2017 to the present.

ECF No. 42-3, pgs. 9-10.

2. Defendants' Responses

As to all three requests, Defendants provided the following response:

> Responding Party objects on the grounds that the request seeks documents already produced in this lawsuit. The request is vague, ambiguous, and overbroad as to time and scope. The request seeks confidential third-party records not relevant to this lawsuit. Responding Party further objects on the grounds that the request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably tailored to seek information relevant to any claim or defense. The request is not drawn with narrow specificity and is not the least intrusive means of seeking whatever information Plaintiff contends is relevant. The request seeks documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections, Responding Party responds as follows:
>
> Responding Party will conduct a diligent search and reasonable inquiry as it pertains to such cases from 2020-present that pertain to the College of Agriculture and University Farm. After conducting a diligent search and reasonable inquiry, Responding Party is unable to comply with this request because no responsive documents exist.

ECF No. 42-4, pgs. 16-18.

3. Analysis

Plaintiff's position is persuasive as to request nos. 100-102 because they are narrowly tailored to seek only those documents related to Chico State University (as opposed to system-wide documents related to the Cozen report) and specific instances of discrimination based on gender, race, and national origin, which are the bases of Plaintiff's complaint in this case. The Court finds that request nos. 100-102 seek relevant information. See Diaz v. American Tel. & Tel., 752 F.2d 1356, 1364 (9th Cir. 1985); see also Goold v. Hilton Worldwide, Inc., Case No.: 1:13-cv-00438 JLT, at *6 n.2 (E.D. Cal. Apr. 8, 2014).

As to the timeframe of requested documents, Plaintiff seeks documents going back six years prior to her termination in June 2023. The Court finds this time frame to be too broad and will limit the requests to the time period between 2020 (three years prior to Plaintiff's termination) to the present.

Subject to the above limitation as to time, Plaintiff's motion to compel will be granted as to request nos. 100-102.

**C. Request No. 103 (104 in original)**

1. Plaintiff's Request

> All communications between the Chancellor's Office and any representative of California State University, Chico, regarding Title IX/DHR investigations or oversight.
>
> ECF No. 42-3, pg. 10.

2. Defendants' Response

> Responding Party objects on the grounds that the request is vague, ambiguous, and overbroad as to time and scope. The request seeks confidential third-party records not relevant to this lawsuit. Responding Party further objects on the grounds that the request is unduly burdensome, not proportional to the needs of the case, and not reasonably tailored to seek information relevant to any claim or defense. The request is not drawn with narrow specificity and is not the least intrusive means of seeking whatever information Plaintiff contends is relevant.
>
> ECF No. 42-4, pgs. 18-19.

/ / /

/ / /

3. Analysis

Defendants' objection that the phrase "all communications" is vague and overbroad is sustained. See ECF No. 42-1, pgs. 46-48. The phrase "any representative" is also vague and not tailored to the needs of Plaintiff's case. The Court also has concerns about the meaning of "oversight" as used in the request. Plaintiff's motion to compel as to request no. 103 – as currently drafted – will be denied subject to further meet-and-confer efforts with respect to a more narrowly tailored request.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to compel, ECF No. 42, is GRANTED in part and DENIED in part.

2. Plaintiff's motion is DENIED as to request nos. 95 and 103.

3. Plaintiff's motion is GRANTED as to request nos. 100-102.

4. Defendants shall serve supplemental responses to request nos. 100-102 within 30 days of the date of this order.

5. As to request no. 103, the parties shall meet and confer to resolve the dispute and, if agreement is reached, submit a stipulation to the Court on or before September 1, 2026; if a stipulation is not reached, Plaintiff may serve a redrafted version of request no. 103 and pursue further motion practice as to this request should Defendants' response to a redrafted request not be adequate.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

6. The Court sua sponte extends fact discovery for a period of 60 days from the date of this order as to request nos. 100-103 only.[3]

Dated: August 6, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

[3] To the extent Plaintiff seeks further time to conduct other discovery, such request is before the District Judge on Plaintiff's motion to modify the case schedule.