UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUSANA PATRICIA STOCK,

Plaintiff,

v.

BOARD OF TRUSTEES OF THE STATE UNIVERSITY, et al.,

Defendants.

No. 2:24-cv-01043-DJC-DMC

ORDER

Pending before the Court is Plaintiff's Motion to Modify the Scheduling Order which seeks to extend the timeline of litigation, including moving the trial date, in order to allow Plaintiff to pursue further discovery regarding group text conversations, resolution of a third-party subpoena, and a further deposition of a fact witness. (ECF No. 45.)

For the reasons below, Plaintiff's motion is denied.

**BACKGROUND**

The Court has amended the Scheduling Order in this case numerous times. (*See* ECF No. 26; ECF No. 28; ECF No. 40.) In its most recent modification to the scheduling order on March 11, 2026, which set the deadline for completion of fact discovery for August 14, 2026, the Court informed the Parties that "[n]o further

extensions of the dates in this Order are contemplated . . . absent good cause approaching compelling." (ECF No. 40.) Plaintiff filed her latest Motion to Modify the Scheduling Order on August 4, 2026, ten days before the close of fact discovery. (Mot. (ECF No. 45).)

The Motion is fully briefed. (Mot.; Opp'n (ECF No. 50); Reply (ECF No. 51).) The Motion was taken under submission without oral argument pursuant to Local Rule 230(g). (*See* ECF No. 48.)

## DISCUSSION

On June 18, 2024, the Court issued a scheduling order in this action that set the discovery deadlines in this case and stated that "no further . . . amendments to the pleadings is permitted without leave of the Court, good cause having been shown." (ECF No. 19 at 1 (citing Fed. R. Civ. P. 16(b) and *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 27 604 (9th Cir. 1992)).) Federal Rule of Civil Procedure 16(b) states that the court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once established, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Johnson*, 975 F.2d at 607–08. Rule 16(b)'s good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order." *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009). "If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609.

Plaintiff has not established good cause to again modify the scheduling order to conduct additional discovery. In the Court's original scheduling order, the Court expressly stated regarding the completion of discovery:

> As used herein, the word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. The parties are advised that motions to compel must be filed in advance of the discovery completion deadlines so that the Court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

(ECF No. 19 at 3 n.1.) Plaintiff did not file her Motion to Modify the Scheduling Order until August 4, 2026 — ten days before the close of fact discovery.

Plaintiff first wishes to extend the case deadlines in order to pursue further discovery of group text messages in the possession of Steve Perez, a witness Plaintiff deposed on July 15, 2026. (Mot. at 8.) Despite already receiving a production of text messages from Mr. Perez, Plaintiff claims to have learned about additional, potentially responsive group messages that may be in Mr. Perez's possession during Mr. Perez's deposition. (Mot. at 7–8; Reply at 2–3.) Defendants, however, contend that after these messages were discussed during the deposition, Mr. Perez and Defendants' counsel searched for responsive group text messages during the deposition's lunch break and produced such responsive messages before the deposition concluded. (Opp'n at 5.) While Plaintiff notes that they did not receive the transcript of Mr. Perez's declaration until August 3, 2026, (Reply at 3), they do not explain why they did not file a motion for further discovery regarding Mr. Perez's group messages immediately following Mr. Perez's July 15 deposition, when both parties knew that the fact discovery period would close only a month later. This failure to file a motion in July is especially perplexing since it appears that Plaintiff was concerned enough about the allegedly

missing messages <u>during the deposition</u> that Defendants and Mr. Perez used their lunch break to search Mr. Perez's phone. This delay in bringing a motion shows a lack of diligence and, as such, does not establish good cause to modify the scheduling order.

Secondly, Plaintiff moved to modify the scheduling order based on a discovery motion that was, at the time of filing, pending before Magistrate Judge Cota, and which Plaintiff asserted was unlikely to be resolved before the close of fact discovery. (Mot. at 8–9.) This motion was resolved on August 7, 2026, granting additional time for several of Plaintiff's discovery requests. (ECF No. 49.) Despite this, Plaintiff maintains that it remains necessary to modify the schedule order because Judge Cota's order "does not address any follow-up discovery that may be needed." (Reply at 3.) In her Reply, Plaintiff clarifies that the further discovery she anticipates seeking following receipt of the materials ordered produced by Judge Cota consists of additional complaints and further testimony from individuals who may become known to Plaintiff as a result of receiving the materials covered by Judge Cota's order. (Reply at 4.) Plaintiff submitted the discovery motion in question to Judge Cota on July 14, 2026. (*See* ECF No. 42.) Plaintiff did not request this Court to modify the scheduling order until August 4, 2026. The Court finds that Plaintiff's failure to anticipate the need to modify the scheduling order to accommodate follow-up discovery consisting of new document requests and additional testimony when Plaintiff filed her Motion to Compel with Judge Cota on July 14, 2026 shows a lack of diligence and, as such, does not establish good cause to modify the scheduling order to accommodate future hypothetical discovery that appears tangentially related to Plaintiff's claims, at best.

Finally, Plaintiff seeks to extend case deadlines in order to depose a third party witness whose July 8, 2026 deposition was postponed. (Mot. at 9.) Plaintiff does not dispute that Plaintiff postponed the July 8, 2026 deposition because of a scheduling conflict involving another witness. (*See* Opp'n at 7; Reply at 4.) Plaintiff also does not dispute that Plaintiff did not issue a subpoena for this third party witness until June 22,

2026. (*See* Opp'n at 7.) Waiting to issue a subpoena until June 22, 2026, and postponing a deposition scheduled for six days before the close of fact discovery does not constitute diligence in seeking the deposition of this witness, and, as such, does not establish good cause to modify the scheduling order.

**CONCLUSION**

In accordance with the above, Plaintiff's Motion to Modify the Scheduling Order (ECF No. 45) is DENIED.

IT IS SO ORDERED.

Dated: **August 27, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC9 – Stock24cv01043.mtmso